[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The defendant Fosdick Corporation has filed a motion to strike count one of the plaintiffs complaint which alleges a violation of the Connecticut Unfair Trade Practices Act (CUTPA), General Statutes § 42-110a, et seq., on the grounds that it fails to state a claim upon which relief can be granted. Specifically, the defendant Fosdick Corporation asserts that count one of the plaintiffs complaint falters because it fails to allege any type of consumer relationship between the defendant Fosdick Corporation and the plaintiff and because it fails to allege anything more that a simple breach of contract by the defendants.
"The purpose of a motion to strike is to contest the legal sufficiency of the allegations of any complaint to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff." (Citations and internal quotation marks omitted.) Novametrix Medical Systems v. BOCGroup. Inc., 224 Conn. 210, 214 (1992).
The defendant Fosdick Corporation asserts that the complaint should be stricken because the Connecticut Unfair Trade Practices Act (CUTPA) "requires at least some type of consumer relationship with the plaintiff." The Connecticut Unfair Trade Practices Act (CUTPA) states that "no person shall engage in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." General Statutes §42-110b(a). The terms "trade or commerce" are defined by the act as meaning "the advertising, the sale or rent or lease, the offering for sale or rent or lease, or the distribution of any services and any property, tangible or intangible, real, personal or mixed, and any other article, commodity, or thing of value in this state." General Statutes § 42-110a(4).
The relationship between the defendant Fosdick Corporation and the plaintiff falls within the statutory definition of trade or commerce. The plaintiffs complaint alleges that the plaintiff leased space from the defendant FKI Industries, Inc. and that the defendant Fosdick Corporation, on behalf of the defendant FKI Industries, Inc., instituted a summary process action against the CT Page 13222 plaintiff in violation of the plaintiffs lease with the defendant FKI Industries, Inc. The gravamen of the plaintiffs complaint centers around a lease agreement with the defendant FKI Industries, Inc. involving the defendant Fosdick Corporation as its alleged agent.
Contrary to the assertions of the defendant Fosdick Corporation, a violation of CUTPA does not require the existence of a consumer relationship. See McLaughlin Ford, Inc. v. FordMotor Co., 193 Conn. 558, 56-567 (1984) "The General Assembly has not seen fit to limit expressly the statute's coverage to instances involving consumer injury, and we decline to insert that limitation. We agree with the plaintiff that a competitor or other business person can maintain a CUTPA cause of action without showing consumer injury." Id. The application of CUTPA does not depend upon a consumer relationship. See Larsen ChelseyRealty Co. v. Larsen, 232 Conn. 480, 496 (1995). The first ground of the plaintiffs motion to strike is not supported by the text of the statute or by case law.
The defendant Fosdick Corporation also asserts that the complaint should be stricken because its claims are limited to a mere breach of contract. The defendant Fosdick Corporation argues that a simple breach of contract without more is insufficient to establish a violation of CUTPA.
To establish a violation of CUTPA, the plaintiff must prove that the defendants engaged in an unfair or deceptive act or practice. General Statutes § 42-110b(a). Section 42-110b(c) of the act provides that the courts of this state in construing subsection (a) of § 42-110b shall be guided by interpretations given by the Federal Trade Commission and the federal courts in interpreting the comparable provision of the Federal Trade Commission Act. The federal courts have held that "a simple breach of contract, even if intentional, does not amount to a violation of the Act; a [claimant] must show substantial aggravating circumstances attending the breach to recover under the Act . . ." Bartolomew v. S.B. Thomas. Inc.,889 F.2d 530, 535 (4th Cir. 1989); United Roasters. Inc. v.Colgate-Palmolive Co., 649 F.2d 985, 992 (4th Cir. 1981).
Although there are not as yet any Connecticut appellate court decisions on this precise issue, the trial courts in this state appear to be unanimous in their support of the position that more than a simple breach of contract, even if intentional, is needed CT Page 13223 to establish a violation of CUTPA.[1] See Emlee EquipmentLeasing Corporation v. Waterbury Transmission. Inc.,41 Conn. Sup. 575, 580 (1991), rev'd on other grounds, 31 Conn. App. 455
(1993). The question therefore becomes whether the plaintiff has alleged in its complaint the "substantial aggravating circumstances" attending the breach of contract necessary to establish a CUTPA violation.
In its complaint, the plaintiff alleges that the defendants intentionally breached the plaintiffs lease with the defendant FKI industries by seeking to terminate the lease and pursuing an eviction action against the plaintiff. The plaintiff also asserts that the defendants "took other actions to harass Profitec with the purpose of causing Profitec to vacate the building." The only act of harassment, other than the filing of the summary process action, specified in the complaint is an allegation that the defendants intentionally obstructed the parking spaces used by the plaintiff and its employees and customers.
Even examined in the light most favorable to the plaintiff, its complaint fails to allege unfair or deceptive acts or practices of the defendants within the borders of the Connecticut Unfair Trade Practices Act. The plaintiff has not alleged in its complaint any acts or practices that arguably meet the tests of unfairness set forth in the so-called cigarette rule.[2] SeeJacobs v. Healey Ford-Subaru, Inc., 231 Conn. 707, 725 (1995). The complaint is also devoid of any factual allegations that could be construed to constitute deceptive acts or practices which violate CUTPA. See Caldor, Inc. v. Heslin, 215 Conn. 590
(1990).[3]
In short, the complaint lacks the substantial aggravating circumstances attending the alleged breach of contract necessary to constitute a violation of CUTPA. The plaintiff has endeavored to dress up a plain breach of contract claim in the vestment of CUTPA; it does not fit. For that reason, count one of the plaintiffs complaint must be stricken.
The motion to strike of the defendant Fosdick Corporation is hereby granted.
BY THE COURT
Judge Jon M. Alander CT Page 13224